UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| OFAMCO, L.L.C. | * | |
| | * | CIVIL ACTION NO. |
| VERSUS | * | |
| | * | SECTION |
| EL PASO INDUSTRIAL ENERGY, L.P., | * | |
| SHELL CHEMICAL LP, MOTIVA | * | MAG. |
| ENTERPRISES LLC, MOTIVA COMPANY, | * | |
| BP AMOCO CHEMICAL COMPANY, | * | |
| STATE OF LOUISIANA, PONTCHARTRAIN | * | |
| LEVEE BOARD, STATE OF LOUISIANA, | * | |
| DEPARTMENT OF ENVIRONMENTAL | * | |
| QUALITY, MOTIVA ENTERPRISES, LLC, | * | |
| A JOINT VENTURE BETWEEN SHELL OIL | * | |
| COMPANY, ARAMCO SERVICE COMPANY | * | |
| AND SAUDI REFINING COMPANY | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * *

## NOTICE OF REMOVAL

Defendants, Shell Chemical LP, Motiva Enterprises LLC, Motiva Company, Shell Oil Company and Saudi Refining, Inc. (incorrectly named as Saudi Refining Company) (hereinafter, collectively, the "Defendants"), through undersigned counsel, hereby remove this civil action originally brought in the 29th Judicial District Court, Parish of St. Charles, State of Louisiana, bearing Civil Action No. 70348, Division "D," on the docket of that Court. In support of removal, Defendants respectfully represent:

1

1.

Defendants were served with citations and the Class Action Suit for Damages in this matter on February 18, 2010.

2.

This Notice of Removal is being filed within thirty days of service of a copy of Plaintiff's Class Action Suit for Damages and Citation on Defendants; therefore, this removal is within, and is not precluded by, the removal period provided by 28 U.S.C. § 1446.

3.

This Court has original subject matter jurisdiction over this action and all claims asserted against the Defendants because this civil action raises a federal question. 28 U.S.C. §§ 1331 ("The district courts shall have original jurisdiction of civil actions arising under the Constitution, laws, or treaties of the United States.").

4.

Section 1441(b) states that "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties."

5.

Whether a claim arises under federal law must be determined by referring to the "well-pleaded complaint." *Merrell Dow Pharm. Inc. v. Thompson,* 478 U.S. 804, 808, 106 S. Ct. 3229, 92 L. Ed. 2d 650 (1986) (*citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 9-10, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983)); *Howery v. Allstate Ins. Co.,* 243 F.3d 912, 916 (5th Cir. 2001). This means that the federal question must appear on the face of the complaint. *See Torres v. Southern Peru Copper Corp.,* 113 F.3d 540, 542 (5th Cir. 1997). In this matter, the Plaintiff's petition clearly states a federal question.

6.

In this lawsuit, Plaintiff alleges that he, and a class that he seeks to represent, "have suffered a taking, or damage, to their property by the action, or inactions, of the corporate and governmental defendants, **in violation of the 5th Amendment to the U.S. Constitution**...." *See* Class Action Suit for Damages at ¶VI (emphasis added).

7.

Defendants are alleged to have "conspired to erect levees just South of the property owned by defendants instead of along Lake Pontchartrain in continuation of the levee system in Jefferson Parish, with full knowledge that would result in the inverse condemnation of the class property by unimpeded erosion of their lands from the tidal, wave, and storm, action of Lake

Pontchartrain and the further contamination of Lake Pontchartrain by the flow of the contamination into the Lake." *See* Class Action Suit for Damages at ¶VIII, attached as Exhibit "A."

8.

Because this Court has original jurisdiction over the Constitutional claim, it may exercise supplemental jurisdiction over the state law claims if the "claims . . . are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). This means that each separate claim "must derive from a common nucleus of operative facts" and be "such that [a plaintiff] would ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 725, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966). Again, this Court needs to look no further than the allegations set forth in Plaintiff's petition.

9.

Plaintiffs allege that "[t]he pollution of the land of the class by the corporate defendants, and the failure of the Department of Environmental Quality, with full knowledge of the consequences, to regulate and enforce its responsibility to control the management of hazardous waste by intervening and preventing defendants' dumping onto the tract of land of plaintiffs, and the inverse condemnation of the property of the class by the Pontchartrain Levee District in

failing to construct a levee along Lake Pontchartrain north of the property of the class have in combination rendered the property owned by the class worthless." *See* Class Action Suit for Damages at ¶IX.

10.

This action is properly removable to this Court pursuant to 28 U.S.C. § 1441(a) (allowing for removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction.").

11.

Venue of the removed action is proper in this Court pursuant to 28 U.S.C. § 1441(a) as this is the judicial district in which the State Court action was pending.

12.

Pursuant to 28 U.S.C. § 1446(a), Defendants attach hereto as Exhibit "B" a copy of all process, pleadings, and orders served upon it to date.

13.

Undersigned counsel certifies that a Notice of Filing Notice of Removal, along with a copy of this Notice of Removal, is being promptly filed with the 29th Judicial District Court, Parish of St. Charles, State of Louisiana. A copy of said notice is attached hereto as Exhibit "C."

14.

Undersigned counsel certifies that a copy of this Notice of Removal will be promptly served on plaintiffs by electronically sending a copy of it to their counsel of record.

15.

Consent of the rest of the Defendants is not necessary. *See* 28 U.S.C. §1453(b) ("A class action may be removed to a district court of the United States in accordance with Section 1446…, except that such action may be removed by any defendant without the consent of all defendants."). Nevertheless, attached as Exhibit "D", *in globo*, is the written consent of all other defendants to this action.

WHEREFORE, Defendants pray that further proceedings in the 29th Judicial District Court, Parish of St. Charles, be discontinued and that this action be recognized as removed to and pending on the docket of the United States District Court for the Eastern District of Louisiana, State of Louisiana, as the law in such cases provides.

Respectfully submitted,

Mary S. Johnson, T.A. (Bar # 17647)
Jill T. Losch (Bar #20664)
**JOHNSON GRAY MCNAMARA, LLC**
21357 Marion Lane, Suite 300
Mandeville, Louisiana 70471
Phone: (985) 246-6544
Facsimile: (985) 246-6549

Thomas M. McNamara (Bar #10610)
**JOHNSON GRAY MCNAMARA, LLC**
P. O. Box 51165
Lafayette, Louisiana 70505
Phone: (337) 412-6003
Facsimile: (337) 412-6037

*[signature]*

Chad J. Mollere (Bar #26427)
S. Suzanne Mahoney (Bar # 24536)
**JOHNSON GRAY MCNAMARA, LLC**
650 Poydras Street, Suite 1905
New Orleans, Louisiana 70130
Phone: (504) 525-4649
Facsimile: (504) 525-4653

AND

Mark A. Marino (Bar #17308)
P.O. Box 178
104 Campus Drive East, Suite 101
Destrehan, Louisiana 70047
Phone: (985) 764-1515
Facsimile: (985) 764-1576

*Counsel for Shell Chemical LP,
Shell Oil Company, Motiva Enterprises
LLC, Motiva Company and
Saudi Refining, Inc.*

7

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing pleading has been served upon all counsel of record by placing same in the United States mail, properly addressed and postage prepaid, or by e-mail, this 18th day of March, 2010.

_____